1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STAND UP FOR CALIFORNIA!, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, ET AL.<br><br>Defendants. | CASE NO. 2:16-CV-02681-AWI-EPG<br><br>**ORDER GRANTING NORTH FORK'S MOTION TO INTERVENE AS A MATTER OF RIGHT** (Doc. 14)<br><br>**ORDER SETTING BRIEFING SCHEDULE ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**ORDER VACATING SCHEDULING HEARING** |

**I. Introduction**

Plaintiffs Stand Up for California, Randall Brannon, Madera Ministerial Association, Susan Stjerne, First Assembly of God – Madera, and Dennis Sylvester (collectively "Stand Up") have brought this action against the Department of the Interior, and its Bureau of Indian Affairs and the heads of both (collectively the "United States"), seeking to prevent class III gaming activity by the North Fork Rancheria of Mono Indians at a 305.49 acre parcel of land in Madera, California ("the Madera Parcel"). *See* Doc. 13. North Fork Rancheria of Mono Indians ("North Fork") moves to intervene in this action as a matter of right, or in the alternative, with permission. Doc. 14. The United States has not filed an opposition but North Fork represents that

1 it opposes only North Fork's motion to intervene as a matter of right.  Stand Up does not oppose

2 North Fork's motion.

3        The present parties have also filed a joint status report, in consultation with North Fork,

4 setting out conflicting proposed briefing schedules for cross-motions for summary judgment.

5 That briefing schedule anticipates that the Court will grant North Fork's motion to intervene. The

6 Court will grant North Fork's motion to intervene and will impose the briefing schedule

7 proposed by the United States.

**II. Discussion**

A. Intervention

10       In *Picayune Rancheria of Chukchansi Indians v. United States Department of the*

11 *Interior, et al.*, Case No. 1:16-cv-950 AWI-EPG, Doc. 15 (E.D. Cal. Oct. 24, 2015) ("*Picayune*

12 *v. DOI*"), this Court resolved a virtually identical motion by North Fork to intervene in an action

13 by the operator of a Class III gaming facility against the Department of the Interior, seeking to

14 prevent class III gaming on the Madera Parcel. In *Picayune v. DOI*, the Court granted North

15 Fork's motion to intervene, finding that North Fork has a protectable interest in the subject

16 matter of the action (gaming on the Madera Parcel), that North Fork would be unable to protect

17 that interest without intervention, and that the United States may not adequately represent North

18 Fork's interest. *Id*. at Doc. 15 at 5-6. Because North Fork's motion came shortly after filing of

19 the complaint and before the United States filed an answer, the proposed intervention was timely.

20 All of the same is true here.

21       North Fork will be permitted to intervene as a matter of right. Even if North Fork were

22 not entitled to intervene as a matter of right, this court would grant it permission to intervene

23 because of its close relationship to the subject of the action and the absence of prejudice that

24 such intervention would have on the present parties.

B. Briefing Schedule

26       The parties agree that this case can be resolved on summary judgment. However, they

27 disagree on whether the Court should impose a simultaneous or staggered briefing schedule.

28 Stand Up suggests that all parties should simultaneously file motions for summary judgment in

1   May, then all oppositions should follow in June, and finally all replies follow in July.  The

2   United States proposes a staggered schedule whereby Stand Up files their motion for summary

3   judgment in May, the United States and North Fork each file a combined cross-motion for

4   summary judgment and opposition to Stand Up's motion in June, Stand Up files their combined

5   reply and opposition to the United States and North Fork's motions in July, and the United States

6   and North Fork file their replies in August. Stand Up contends that the briefing schedule

7   proposed by the United States would be unfair to Stand Up.

8          As noted by the United States, this Court has twice before imposed staggered briefing

9   schedules in relation to the allegations underlying this action. This Court has found that such a

10  system leads to more responsive briefing than a blind, simultaneous system of cross-motions on

11  the same issues. As the United States also notes, a staggered briefing schedule in this situation is

12  comparable to that set for cross appeals by the Federal Rules of Appellate Procedure. *See* Fed. R.

13  App. P. 28.1(c). A staggered briefing schedule will be set.[1]

## III. Order

15         Based on the foregoing, IT IS HEREBY ORDERED that:

16  1.  North Fork's motion to intervene as a defendant as a matter of right, or in the alternative,

17      permissively (Doc. 14) is GRANTED;

18  2.  The parties shall file cross-motions for summary judgment according to the following

19      schedule:

20          a.  On May 12, 2017, Stand Up shall file their motion for summary judgment;

21          b.  On June 13, 2017, the United States and North Fork shall each file combined

22              cross-motions for summary judgment and oppositions to Stand Up's motion;

23          c.  On July 13, 2017, Stand Up shall file their combined reply in support of their

24              motion for summary judgment and opposition to the cross-motions by the United

25              States and North Fork;

26

27

28

---

[1] For the purpose of clarity, the Court now instructs that final replies by the United States and North Fork may only respond to issues raised by Stand Up's opposition. No arguments outside of that scope will be considered. The briefing schedule set affords no procedural advantage.

       d.  On August 13, 2017, the United States and North Fork shall each file their replies in support of their cross-motions.

3.  The United States shall lodge the administrative record with the Court by April 7, 2017;

4.  The Status Conference scheduled for March 13, 2017 pursuant to the Court's Pretrial Screening Order, dated November 14, 2016 (Doc. 4), is VACATED.

IT IS SO ORDERED.

Dated:   March 8, 2017                                       
                             SENIOR  DISTRICT  JUDGE